# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAMES AND LINDA MAIORANO,

    Plaintiffs,

v.                               No. CIV 02-111 WJ/KBM

RICK GALLEGOS and GALLUP
FEDERAL SAVINGS BANK,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION TO DISMISS

THIS MATTER comes before the Court pursuant to Defendants' Motion to Dismiss Plaintiffs' Complaint [Docket No. 8]. Having reviewed the briefs of the parties and the pleadings in this case, the Court finds that Defendants' motion is well taken and shall be granted.

## BACKGROUND

Plaintiffs *pro se* James and Linda Maiorano allege that Defendant Rick Gallegos, acting on behalf of the Gallup Federal Savings Bank, violated their rights by refusing to allow them to open a bank account without providing a Social Security Number. Plaintiffs claim that the actions of Mr. Gallegos violated their rights under the Constitutions of the United States and the State of New Mexico to freely exercise their religion. They also contend that Mr. Gallegos' actions violated their rights under the Federal Religious Freedoms Restoration Act, 42 U.S.C. § 2000bb (hereinafter FRFRA) and under the New Mexico Religious Freedoms Restoration Act, N.M. Stat. Ann. 1978 § 28-22-2 (hereinafter NMRFRA). Plaintiffs assert that they bring their action under 42 U.S.C. § 1983. Plaintiffs' Complaint denies that Defendants were acting under color of state law.

Defendants filed the instant motion stating that neither Defendant is a state or federal actor

acting under color of state or federal law and that the alleged conduct of Defendants, even if true, was not governmental conduct. Defendants contend that Plaintiffs thus fail to state a claim under Section 1983, FRFRA, Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U. S. 388 (1971), or the New Mexico Religious Freedoms Restoration Act because governmental action is required to state a claim under any of these legal theories. Plaintiffs' sole response to Defendants' motion was a general denial of the allegations in the motion and a request for leave to amend their complaint. Plaintiffs' request for leave to file an amended complaint did not articulate the amendments Plaintiffs would make in order to state a claim and did not attach any proposed amendment. Defendants' Reply noted that Plaintiffs request to amend did not include any proposed amendment or information regarding any proposed amendment. Plaintiffs filed a surreply without leave of the Court in which they remind the Court that *pro se* litigants are to be afforded wide latitude. Plaintiffs' surreply, like Plaintiffs' Response, does not provide any indication of how Plaintiffs propose to amend their complaint to state a claim for relief.

**DISCUSSION**

I.     PLAINTIFFS' UNTIMELY RESPONSE AND UNAUTHORIZED SURREPLY

Plaintiffs remind the Court that courts must afford *pro se* litigants wide latitude. The Court notes *sua sponte* that courts have a preference for resolving claims on the merits as opposed to dismissal based on minor technical defects. Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co., 119 F.3d 847, 848-49 (10th Cir. 1997). The Defendants ask this Court to disregard Plaintiff's response as untimely. The Court will consider Plaintiffs' Response in the interests of justice. Defendants have not elected to contest Plaintiffs' filing of an unauthorized surreply, and given Plaintiffs' *pro se* status, the Court will consider the surreply in ruling on Defendants' motion. Plaintiffs should note, however, that while *pro se* pleadings are liberally construed, *pro se* plaintiffs

2

are not excused from their obligation to comply with the fundamental requirements of the Federal Rules of Civil Procedure. Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

II.     PLAINTIFFS' FEDERAL CLAIMS

Defendants urge that Plaintiffs fail to state a claim for relief on any of their federal claims because all of these claims require governmental action, Defendant Gallegos is a private individual who does not act under color of state or federal law, and the Gallup Federal Savings Bank is a private entity that does not act under color of state or federal law. Defendants are correct. The Court is unaware of any federal remedy for religious discrimination by a private citizen or entity other than Title VII which protects an employee from religious discrimination by his or her employer. Plaintiffs' allegations do not suggest even the possibility that Defendants were Plaintiffs' employers. Thus, Plaintiffs do not state a claim under Title VII.

Plaintiffs counter that they should be permitted to amend their complaint if they have failed to state a claim. They argue that the Court should permit them to amend their complaint before dismissing their claims because of their *pro se* status and the requirement that courts must liberally construe *pro se* pleadings. Plaintiffs are correct that a court should not dismiss a *pro se* complaint unless it is obvious that the plaintiffs cannot prevail on the facts they have alleged and it would be futile to give them an opportunity to amend the complaint. Gaines v. Stenseng, 292 F.3d 1222 (10th Cir. 2002); Curley v. Perry, 246 F.3d 1278 (10th Cir. 2001). I find, however, that it would be futile to give Plaintiffs an opportunity to amend their complaint with regard to their federal claims because there is no theory upon which they can prevail under the facts they have alleged.

As noted above, no proposed amendment is attached to Plaintiffs' request to amend their complaint. Nor have Plaintiffs provided any indication of what such an amendment might involve. This Court cannot fathom any amendment that would overcome the legal deficiencies in Plaintiffs'

allegations. See e.g., Sooner Prod. Co. v. McBride, 708 F.2d 510 (10th Cir. 1983). Thus, Plaintiffs' claims or attempts to state claims under the U.S. Constitution, 42 U.S.C. § 1983, Bivens, and 42 U.S.C. § 2000bb will be dismissed with prejudice.

III. PLAINTIFFS' STATE LAW CLAIMS

In accordance with 28 U.S.C. § 1367(c)(3), this Court will decline to exercise supplemental jurisdiction over Plaintiffs' state law claims. These claims will be dismissed without prejudice.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiffs' Complaint [Docket No. 8] is hereby GRANTED in that;

IT IS ORDERED that, to the extent Plaintiffs' Complaint attempts to state claims under 42 U.S.C. § 1983, under the Constitution of the United States, in accordance with Bivens, or under the Federal Religious Freedoms Restoration Act, 42 U.S.C. § 2000bb, these claims are DISMISSED WITH PREJUDICE; and

IT IS ORDERED that Plaintiffs' Complaint including the state law claims therein is DISMISSED WITHOUT PREJUDICE.

_____
UNITED STATES DISTRICT JUDGE